**Electronically Filed
Intermediate Court of Appeals
30469
29-AUG-2011
08:20 AM**

NO. 30469

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD BLAISDELL, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 04-1-1455)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Plaintiff-Appellant pro se Richard Blaisdell (Blaisdell) appeals from the Final Judgment filed on April 15, 2010 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendant-Appellee Department of Public Safety (DPS) and against Blaisdell on all of Blaisdell's claims.

On appeal, Blaisdell contends:

(1) The circuit court erred by not granting his "motion for injunctive relief to insure separation of the powers and to insure the independence of the Judiciary filed on 3/31/10."

(2) The circuit court erred by granting DPS's July 13, 2009 "Motion for Summary Judgment as to Plaintiff's Medical Co-Pay Claim" (DPS's MSJ) and denying Blaisdell's July 27, 2009

---

[1] The Honorable Derrick H.M. Chan presided.

"Cross Motion for Summary Judgment and Reply to [DPS's MSJ]" (Blaisdell's CMSJ) and interest and relief due to him.

(3) The circuit court erred by not granting his Complaint for Interpleader and Declaratory Judgment filed on July 23, 2009.

(4) The circuit court erred by not filing his "Petition for Writ of Execution" (which was received on November 16, 2009) until January 4, 2010 and then denying the petition on March 15, 2010.

(5) The circuit court erred by not granting his memorandum in answer to DPS's opposition memorandum to his Petition for Writ of Execution.

(6) The circuit court erred by not issuing a "Final Separate Judgment" in a timely manner.

(7) The circuit court erred by not issuing a "Final Separate Judgment" when he filed a second motion asking the court to file the judgment.

(8) The circuit court erred by dismissing all his claims in opposition to the remand instruction of the Hawai'i Supreme Court.

(9) The legislature and Governor Lingle erred by overruling the Hawai'i Supreme Court's decision and order by enacting Act 75.

Baisdell is a prison inmate who earns wages by working. Pursuant to Hawaii Revised Statutes (HRS) § 353-20 (1993), DPS deposited Blaisdell's wages into an individual trust account. Pursuant to HRS § 353-22 (Supp. 2010), Blaisdell's wages were exempt from garnishment. On August 10, 2004, Blaisdell filed a civil Complaint for Interpleader and Declaratory Relief against DPS. Blaisdell alleged that DPS had violated the garnishment exemption under HRS § 353-22 by depositing part of his wages into a restricted account that he could not access, rather than giving the wages directly to him. Along with his complaint, Blaisdell also submitted a Request to Proceed in Forma Pauperis.

DPS did not file an answer to Blaisdell's complaint, nor did DPS assert any counterclaims, cross-claims or third-party claims.

The circuit court denied Blaisdell's Request to Proceed in Forma Pauperis, and, on August 30, 2004, the circuit court dismissed Blaisdell's complaint based on his failure to pay the filing fees.

On September 7, 2004, Blaisdell filed a notice of appeal from the August 30, 2004 dismissal order (appeal No. 26803). The Hawai'i Supreme Court dismissed appeal No. 26803 on January 21, 2005 because the record did not contain an appealable final judgment.

On February 22, 2005, the circuit court entered a Final Judgment in favor of DPS and against Blaisdell on all of the claims in his complaint. On March 11, 2005, Blaisdell filed a notice of appeal from the February 22, 2005 Final Judgment (appeal No. 27170). On July 26, 2006, this court issued a Summary Disposition Order, affirming the February 22, 2005 Final Judgment.

On August 10, 2006, Blaisdell filed a notice of appeal from this court's Summary Disposition Order. The appellate court clerk docketed the appeal as No. 28089. On November 1, 2006, the supreme court dismissed appeal No. 28089, but ordered that Blaisdell was allowed until November 28, 2006 to file an application for certiorari from this court's Summary Disposition Order. Baisdell timely filed the application for certiorari, and on January 18, 2007, the supreme court issued a published opinion. The court held that the circuit court had erred by dismissing Blaisdell's complaint based on Blaisdell's failure to pay the filing fees because the imposition of $275 in fees and costs was excessively burdensome to an inmate such as Blaisdell. Blaisdell v. Dep't of Pub. Safety, 113 Hawai'i 315, 319, 151 P.3d 796, 800 (2007). The supreme court vacated the judgment and remanded the case to the circuit court for adjudication on the merits. Id. at 321, 151 P.3d at 802.

On remand, DPS filed an answer to the complaint on July 20, 2007 and then filed a cross-motion for summary judgment on the merits of Blaisdell's complaint. The circuit court granted DPS's cross-motion for summary judgment. On August 29,

3

2007, the circuit court entered judgment in favor of DPS and against Blaisdell on all of Blaisdell's claims.

On September 10, 2007, Blaisdell filed a notice of appeal from the August 29, 2007 Final Judgment (appeal No. 28736). On July 18, 2008, this court entered a memorandum opinion, vacating the August 29, 2007 Final Judgment and remanding the case to the circuit court with instructions on how to proceed.

Blaisdell applied to the Hawai'i Supreme Court for a writ of certiorari. On November 18, 2008, the supreme court entered a published opinion, vacating this court's memorandum opinion and judgment and the circuit court's August 29, 2007 Final Judgment and remanding this case to the circuit court with specific instructions on how to proceed. Blaisdell v. Dep't of Pub. Safety, 119 Hawai'i 275, 286, 196 P.3d 277, 288 (2008).

The circuit court held various proceedings over the next year. On July 13, 2009, DPS filed its MSJ. On July 27, 2009, Blaisdell filed his CMSJ. On July 23, 2009, Blaisdell filed a "Complaint for Interpleader and Declaratory Judgment" against DPS. The circuit court entered orders denying, inter alia, Blaisdell's complaint and CMSJ and granting DPS's MSJ.

On April 15, 2010, the circuit court entered the Final Judgment, expressly dismissing all of Blaisdell's claims. Blaisdell timely filed the instant appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Blaisdell's appeal is without merit.

The 2009 legislature enacted Act 75, which amended HRS § 353-20 to permit DPS to maintain more than one account for an inmate and permit the director of DPS to designate that a percentage of funds earned by an inmate be deposited and held in a nonspendable (i.e., restricted) account to provide funds for the inmate upon the inmate's release. 2009 Haw. Sess. L. Act 75, § 2 at 172-73. Additionally, Act 75 provided that accounts maintained by DPS for inmates "shall not bear interest." Id. at

172. The circuit court correctly held that Act 75 mooted Blaisdell's claims for injunctive relief.

Blaisdell fails to cite any authority to support his claims that Act 75 is unconstitutional, that vested rights of his were violated, or that his property was unconstitutionally taken, and we reject those claims.

Blaisdell's medical co-pay claims are equally without merit. Under HRS § 353-13.1 (Supp. 2010), DPS is authorized to assess fees upon inmates for certain medical services.

Therefore,

IT IS HEREBY ORDERED THAT the Final Judgment filed on April 15, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 29, 2011.

On the briefs:

Richard Blaisdell,
Plaintiff-Appellant pro se.

Donna H. Kalama,
Deputy Attorney General,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

5